IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JEANETTE CAMPBELL,

    Plaintiff,

      v.

KAREN COLLIER TARTT, et al.,

    Defendants.

CIVIL ACTION FILE
NO. 1:10-CV-854-TWT

ORDER

This is a pro se action for dental malpractice.  It is before the Court on the Defendant's Motion to Dismiss [Doc. 3].  For the reasons set forth below, the Court GRANTS the Defendant's motion.

## I. Background

The Plaintiff, Jeanette Campbell, visited Southside Medical Center, Inc. ("Southside") to have a tooth filled.  Campbell alleges that during this visit, Drs. Karen Tartt-Callier, Barbara McMillian-Persaud, and David Williams improperly filled her tooth, leaving her bite misaligned.  The Plaintiff filed this Complaint [Doc.1] against Southside, Tartt-Callier, McMillian-Persaud, and Williams, seeking damages for dental malpractice.

T:\ORDERS\10\Campbell\mtdtwt.wpd

Southside is designated by the Federally Supported Heath Centers Assistance Act of 1992 as a federal employee.  See 42 U.S.C. § 233, *amended by* Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-105, 106 Stat. 3268 (1992).  On March 25, 2010, the Defendants removed this action from the Superior Court of Fulton County to this Court.  On March 26, 2010, the United States filed a Notice of Substitution [Doc. 2] substituting the United States of America for the Defendants Southside, Tartt-Callier, McMillian-Persaud, and Williams.

The United States has filed a Motion to Dismiss [Doc. 3] for lack of subject matter jurisdiction.  See FED. R. CIV. P. 12(b)(1).  The Defendant argues that Campbell has failed to comply with the jurisdictional requirements of the Federal Tort Claims Act because she has not filed an administrative complaint with the appropriate federal agency.  See 28 U.S.C. § 2675(a).

## II.  Motion to Dismiss for Standard

A complaint should be dismissed under Rule 12(b)(1) only where the court lacks jurisdiction over the subject matter of the dispute.  FED. R. CIV. P. 12(b)(1). Attacks on subject matter jurisdiction come in two forms: "facial attacks" and "factual attacks." Garcia v. Copenhaver, Bell & Assocs., M.D.'s, 104 F.3d 1256, 1261 (11th Cir. 1997); Lawrence v. Dunbar, 919 F.2d 1525, 1528-29 (11th Cir. 1990).  Facial attacks "require[ ] the court merely to look and see if [the] plaintiff has sufficiently

alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." <u>Lawrence</u>, 919 F.2d at 1529 (<u>quoting</u> <u>Menchaca v. Chrysler Credit</u>, 613 F.2d 507, 511 (5th Cir. 1980)).  On a facial attack, therefore, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion. <u>Williamson v. Tucker</u>, 645 F.2d 404, 412 (5th Cir. 1981).

"'Factual attacks,' on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered.'" <u>Lawrence</u>, 919 F.2d at 1529 (<u>quoting</u> <u>Menchaca</u>, 613 F.2d at 511).  The presumption of truthfulness does not attach to the plaintiff's allegations. <u>Id.</u> Further, "the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." <u>Scarfo v. Ginsberg</u>, 175 F.3d 957, 960-61 (11th Cir. 1999).

## III.  Discussion

The United States argues that this Court lacks subject matter jurisdiction over the Plaintiff's claim.  "The United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." <u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941). The Federal Tort Claims Act ("FTCA") provides federal jurisdiction for "civil actions on claims against the United States, for money damages . . . for

injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 1346(b).  As a prerequisite to filing suit under the FTCA, "the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail."  28 U.S.C. § 2675(a).  "This requirement is jurisdictional and cannot be waived."  Lykins v. Pointer, Inc., 725 F.2d 645, 646 (11th Cir. 1984).

Here, Southside is a federally funded health center designated by the Federally Supported Health Centers Assistance Act of 1992 as a federal employee.  42 U.S.C. § 233, *amended by* Federally Supported Health Centers Assistance Act of 1992, Pub. L. No. 102-501, 106 Stat. 3268 (1992).  Tartt-Callier, McMillian-Persaud, Williams, and Southside were acting within the scope of their employment at the time of the acts alleged in the Plaintiff's complaint. (Def.'s Notice of Removal, Ex. B.)  Further, the Plaintiff has not filed an administrative claim with the appropriate agency.  (Torres Decl. ¶ 4.)  Thus, the Plaintiff has not exhausted her administrative remedies under the FTCA.  See Brackin v. United States, 913 F.2d 858, 859-60 (11th Cir. 1990) (dismissing FTCA claim where plaintiff failed to file administrative complaint).  For this reason, the Plaintiff's Complaint is dismissed.

IV.  Conclusion

For the reasons set forth above, the Defendant's Motion to Dismiss [Doc. 3]

is GRANTED.

SO ORDERED, this 7 day of October, 2010.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge